# In the Matter of Sokolic

Disciplinary Board Docket no. 59 D.B. 1999.

RUDNITSKY, *Member,* May 23, 2003—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, Stephen E. Sokolic, filed a petition for reinstatement to the bar of Pennsylvania on January 30, 2002. By order of the Supreme Court of Pennsylvania dated December 18, 2000, petitioner was suspended for three years, retroactive to May 4, 1999.

A reinstatement hearing was held on September 26, 2002, before Hearing Committee 1.16 consisting of Chair Laurence H. Brown, Esquire, and Member Theresa M. Italiano, Esquire. Member James D. Golkow, Esquire, was absent from the hearing but participated in the decision of the committee. Petitioner was represented by William J. Honig, Esquire.

The committee filed a report on February 10, 2003 and recommended that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting of March 26, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Stephen E. Sokolic. He was born in 1949 and was admitted to the practice of law in Pennsylvania in 1975. His current business address is 3275 Stokley Street, Philadelphia, Pennsylvania 19129.

(2) Petitioner was suspended from the practice of law by order of the Supreme Court of Pennsylvania dated December 18, 2000, for a period of three years, retroactive to May 4, 1999.

(3) In March of 1997, petitioner entered a plea of guilty to one count of violating 18 U.S.C. §1027 on the basis that he made or caused to be made documents that contained false statements and misrepresentations, which documents were required to be kept as part of records of an employee pension benefit plan by the Employee Retirement Income Security Act of 1974.

(4) On March 1, 1999, petitioner was sentenced to probation for a term of five years, six months home confinement under electronic monitoring, 100 hours of community service, and restitution of $42,500.

(5) Petitioner was placed on temporary suspension by order of the Supreme Court dated May 4, 1999.

(6) Petitioner has paid the court-ordered restitution of $42,500 in full.

(7) Petitioner's probationary sentence of five years was served without incident and was terminated early by Judge William G. Bassler.

(8) Petitioner completed the community service required by his sentence. He continues to volunteer his services at Galilee Pavilion, a low-income facility for the elderly.

(9) During the period of his suspension, petitioner was employed at Benefits Consultants Group as executive vice-president. Petitioner performs consulting work on retirement plans and tax issues, as well as handling management duties for the company.

(10) Petitioner plans to continue his employment with Benefits Consultants Group after reinstatement.

(11) Petitioner is ashamed of his misconduct and expressed sincere remorse for it.

(12) Petitioner has shown the appropriate insight into the causes of his misconduct to assure that it will not be repeated.

(13) Petitioner has maintained the requisite legal knowledge for reinstatement through his employment at Benefits Consultants Group, reading tax periodicals, attending the required number of continuing legal education courses mandated for reinstatement, and teaching courses in his field to others, including the Bucks County Bar Association.

(14) Thirteen character witnesses testified on petitioner's behalf. These witnesses included fellow attorneys in the community, his employer, and long-standing personal friends.

(15) Each witness was aware of petitioner's criminal conviction and sentencing.

(16) Each witness testified that petitioner's reputation for honesty and integrity was very high and his misconduct was an aberration.

(17) These character witnesses are credible and worthy of belief.

## III. CONCLUSIONS OF LAW

(1) Petitioner has the moral qualifications, competency and learning in the law required to practice law in Pennsylvania.

(2) Petitioner's resumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by Stephen E. Sokolic. By order of the Supreme Court of Pennsylvania dated December 18, 2000, petitioner was suspended for three years retroactive to May 4, 1999.

Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume the practice of law until reinstated by the Supreme Court of Pennsylvania. In order for petitioner to gain reinstatement, he has the burden of proving by clear and convincing evidence that he possesses the moral qualifications, competency and learning in the law required for admission to practice law in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the

bar or administration of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension, but rather the nature and extent of the rehabilitation efforts the lawyer has made since the time the sanction was imposed, and the degree of success achieved in the rehabilitative process. *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner was convicted of one count of preparing documents that contained false statements and misrepresentations, which documents were required to be kept as part of records of an employee pension benefit plan. The documents concealed the illegal diversion of the assets of the retirement plan. Following his guilty plea, petitioner was sentenced to probation for five years, six months of home confinement under electronic monitoring, 100 hours of community service, and restitution of $42,500. Petitioner satisfied all of the provisions of his sentence and his probation was terminated early.

During his suspension, petitioner worked as a tax consultant for Benefits Consultants Group. He plans to continue this employment as tax counsel if reinstated. Petitioner kept himself apprised of the law by reading tax periodicals, attending CLE courses and teaching courses in his field to others. But for this incident, petitioner had an unblemished career in tax law, working for three Philadelphia law firms and the U.S. Department of Justice Tax Division.

Petitioner has worked to improve himself in his personal life as well. He has chosen to continue his volun-

teer work at Galilee Pavilion, a low-income facility for the elderly. He and his family have strengthened their relationship and this commitment is strong evidence of the support considerations necessary for him to avoid misconduct in the future. Petitioner has come to grips with the shame he feels due to his actions and has shown insight into the causes of his misconduct so that he will not repeat it.

Thirteen character witnesses testified as to petitioner's very good reputation for honesty and integrity. These witnesses believed petitioner's misconduct to be an aberration such that his re-admission to the bar would not be detrimental.

Petitioner has presented conclusive evidence that he has rehabilitated himself. Petitioner has met with clear and convincing evidence his burden of proving that he is morally qualified, competent and learned in the law. Furthermore, petitioner has demonstrated that his re-admission will not be detrimental to the bar or the public. For these reasons the board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Stephen E. Sokolic, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Brown recused in this matter and Board Member Newman did not participate in the March 26, 2003 adjudication.

## ORDER

And now, July 30, 2003, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated May 23, 2003, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.